UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

FELIX A. GONZALEZ
and other similarly situated individuals,

      Plaintiff(s),

v.

COLWILL ENGINEERING ELECTRICAL, INC., a/k/a
COLWILL ENGINEERING DESIGN BUILD, INC.


      Defendant,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, FELIX A. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant COLWILL ENGINEERING ELECTRICAL, INC. a/k/a COLWILL ENGINEERING DESIGN BUILD, INC., and alleges:

### JURISDICTION AND VENUES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The Plaintiff brings also an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Plaintiff also brings action and for the violation of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended;

<u>PARTIES</u>

3.  Plaintiff FELIX A. GONZALEZ is a covered employee for purposes of the Act. The Plaintiff is a resident of Volusia County, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff is a covered employee for purposes of the FLSA, FMLA, and the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended.

4.  Defendant COLWILL ENGINEERING ELECTRICAL, INC, a/k/a COLWILL ENGINEERING DESIGN BUILD, INC., (hereinafter COLWILL ENGINEERING ELECTRICAL, or Defendant) is a Florida corporation, having a place of business in Orange County, Florida, where the Plaintiff worked. The Defendant was engaged in interstate commerce.

5.  The Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), as amended; and the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

6.  All the actions raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

7.  <u>FLSA allegations.-</u> This cause of action is brought by Plaintiff FELIX A. GONZALEZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the

asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2019, (the "material time") without being properly compensated.

8. Defendant COLWILL ENGINEERING ELECTRICAL is a construction company. The Defendant is a designer and builder of electrical systems for commercial projects. The Defendant's headquarters is located at 4750 E Adamo Drive, Tampa, FL 33605.  Defendant also has a place of business located at 7616 Southland Blvd., Belle Isle, Florida 33809, where Plaintiff worked.

9. Defendant COLWILL ENGINEERING ELECTRICAL employed Plaintiff FELIX A. GONZALEZ approximately from March 15, 2019, to August 13, 2020, or 74 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 66 weeks.

10. The Plaintiff was hired as a non-exempted, full-time electrician mechanic.  The Plaintiff was paid at a rate of $19.00 an hour. The Plaintiff's overtime rate should be $28.50 an hour.

11. During his time of employment with Defendant, Plaintiff had a regular schedule, Plaintiff reported for work at 6:50 AM, At 7:00 AM, Plaintiff was transported in a company van, transporting supplies and materials to the worksite. Plaintiff was paid since 7:00 AM; at the end of his shift, Plaintiff's supervisor marked a timesheet for him at 3:30 PM as clock out time, and then the Plaintiff was transported back to the shop.  Plaintiff spent a minimum average of 1 hour of travel time returning to the shop, where they had to leave the company vehicle, before being able to go home. The Defendant did not pay Plaintiff for this travel time. These 5 hours of unpaid travel time weekly, constituted 5 unpaid overtime hours.

12. Moreover, Plaintiff was deducted for 30 minutes of lunch daily.  However, the Plaintiff was not allowed to have bonafide lunch breaks at least 3 times per week, which represents 1.5 unpaid overtime hours weekly.

13. Thus, the Plaintiff always worked more than 40 hours in a week, but he was paid for an average of 40 regular hours. Plaintiff was not paid for overtime hours, as required by law.

14. The Plaintiff estimates that he worked a minimum average of 46.5 hours every week.  Thus, the Plaintiff estimates that he is owed a minimum of 6.5 overtime hours for every week of employment.

15. The Plaintiff did not clock in and out, but the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. The Plaintiff was paid weekly with checks and paystubs showing only 40 or fewer hours paid weekly.

18. Plaintiff does not have time and payment records, but he will offer an average good faith estimate of unpaid overtime hours based on his best recollections. After proper discovery, the Plaintiff will adjust his calculations accordingly.

19. Plaintiff's last day of work was on or about Friday, June 19, 2020, day in which he learned that he had a Coranavirus sick family member. Plaintiff informed about this health hazard to his superiors, and he was ordered to stay home and take the COVID-19 test.

20. On Monday, June 22, 2020, Plaintiff developed the COVID-19, and he tested positive, The Plaintiff began his self-isolation period.

21. The Plaintiff was fired on or about August 13, 2020, after he tested negative for the virus and he was able and expecting to return to work. Plaintiff was fired and he was required to return his uniform.

22. Plaintiff FELIX A. GONZALEZ seeks to recover overtime wages for every hour above 40 that he worked, liquidated damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

24. <u>FMLA and FFCRA CLAIM.-</u> The Plaintiff incorporates his allegations from paragraphs 1 through 20 as if fully restated herein.

25. Throughout his employment with Defendant, the Plaintiff performed his duties in an exemplary fashion. The Plaintiff had duties as an electrician mechanic of COLWILL ENGINEERING ELECTRICAL, in Orlando Miramar, Florida.

26. On or about Friday, June 19, 2020, Plaintiff learned that a close family member was sick and tested positive for the COVID-19.  Plaintiff was ordered by Defendant to stay home and get the COVID-19 test.

27. On Monday, June 22, 2020, Plaintiff got sick, he was tested and resulted positive for the COVID-19.

28. Plaintiff immediately informed his direct supervisor Carlos Rivera about the results of his test, and he began his quarantine period.

29. Following medical advice, the Plaintiff repeated the test twice, and finally, on or about August 04, 2020, Plaintiff tested negative for the virus.

30. At all times, the Plaintiff was expecting the clearance to return to work, and he constantly updated the Defendant about his medical condition.

31. However, on or about August 13, 2020, Defendant fired Plaintiff, supervisor Carlos Rivera stated that the Defendant did not need him anymore, and requested Plaintiff to return his uniform.

32. Defendant COLWILL ENGINEERING ELECTRICAL fired Plaintiff when he was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by his employer.

33. Defendant COLWILL ENGINEERING ELECTRICAL violated Plaintiff's protected rights under the Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1) (FMLA), as amended, when it failed to inform Plaintiff that he was eligible to take leave under the FMLA because of his qualifying medical condition.

34. Defendant COLWILL ENGINEERING ELECTRICAL violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

35. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well the security and peace of mind it provided him. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

36. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act (FMLA); and to Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended; and any other remedy, as allowable by law.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

37. Plaintiff FELIX A. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-22 concerning to FLSA, as if set out in full herein.

38. This cause of action is brought by Plaintiff FELIX A. GONZALEZ  as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

39. The Defendant COLWILL ENGINEERING ELECTRICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company commercial provider of design, building, and remodeling of electrical commercial projects, and is engaged in interstate commerce.  The Defendant had more than two employees recurrently engaged in commerce or the production of goods and services for commerce by regularly and recurrently ordering supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

40. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

41. Defendant COLWILL ENGINEERING ELECTRICAL employed Plaintiff FELIX A. GONZALEZ approximately from March 15, 2019, to August 13, 2020, or 74 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 66 weeks.

42. The Plaintiff was hired as a non-exempted, full-time electrician mechanic.  The Plaintiff was paid at a rate of $19.00 an hour. The Plaintiff's overtime rate should be $28.50 an hour.

43. During his time of employment with Defendant, Plaintiff had a regular schedule, Plaintiff reported for work at 6:50 AM. At 7:00 AM, Plaintiff was transferred in a company van, transporting supplies and materials to the worksite. Plaintiff was paid since 7:00 AM; at the end of his shift, Plaintiff's supervisor marked a timesheet for him at 3:30 PM, as clocked out. Then Plaintiff was transported back to the shop.  Plaintiff spent a minimum average of 1 hour of travel time returning to the shop, where they had to leave the company vehicle, before being able to go home. The Defendant did not pay Plaintiff for this travel time. These 5 hours of unpaid travel time weekly, constituted 5 unpaid overtime hours.

44. Moreover, Plaintiff was deducted for 30 minutes of lunch daily.  However, the Plaintiff was not allowed to have bonafide lunch breaks at least 3 times per week, which represents 1.5 unpaid overtime hours weekly.

45. Thus, the Plaintiff always worked more than 40 hours in a week, but he was paid for 40 regular hours, or less. However, Plaintiff was not paid for overtime hours, as required by law.

46. The Plaintiff estimates that he worked a minimum average of 46.5 hours every week.  Thus, the Plaintiff estimates that he is owed a minimum of 6.5 overtime hours.

47. The Plaintiff did not clock in and out, but the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

48. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

49. The Plaintiff was paid weekly with checks and paystubs showing only 40 or fewer hours paid weekly.

50. Plaintiff's last day of work was on or about Friday, June 19, 2020, day in which he learned that a close relative was sick and positive for COVID-19. Plaintiff was ordered to stay home and get the COVID-19 test. Plaintiff developed and tested positive for the virus, and then he was fired.

51. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

52. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

53. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

54. Plaintiff does not have time and payment records, but he will offer an average good faith estimate of unpaid overtime hours based on some paystubs in his possession. After proper discovery, the Plaintiff will adjust his calculations accordingly.

   * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages:</u>

   Twelve Thousand Two Hundred Twenty-Six Dollars and 50/100 ($12,226.50)

   b. <u>Calculation of such wages:</u>

   Total time of employment: 74 weeks
   Relevant weeks of employment: 66 weeks
   Total hours worked: 46.5 hours weekly
   Total unpaid overtime hours: 6.5 overtime hours weekly
   Regular rate: $19.00 an hour x 1.5 = $28.50

   Overtime rate: $28.50 x 6.5 O/T hours=$185.25 weekly x 66 weeks=$12,226.50

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid overtime wages.

55. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

56. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

57. Defendant COLWILL ENGINEERING ELECTRICAL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

58. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIX A. GONZALEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FELIX A. GONZALEZ and other similarly situated individuals and against the Defendant COLWILL ENGINEERING ELECTRICAL;

B. based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

C. Award Plaintiff FELIX A. GONZALEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E.   Award Plaintiff reasonable attorneys' fees and costs of suit; and

F.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff FELIX A. GONZALEZ demands trial by a jury of all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;**</u>
<u>**INTERFERENCE WITH FMLA RIGHTS**</u>

59. Plaintiff FELIX A. GONZALEZ re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-6 and 23-35 above, or the FMLA allegations, as if set out in full herein.

60. This is an action against corporate Defendant COLWILL ENGINEERING ELECTRICAL for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

61. At all times relevant and material, the Defendant COLWILL ENGINEERING ELECTRICAL, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).  The Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

62. Plaintiff FELIX A. GONZALEZ is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, (FMLA).

63. The Defendant COLWILL ENGINEERING ELECTRICAL employed Plaintiff FELIX A. GONZALEZ from approximately March 15, 2019, August 13, 2020, or 74 weeks.

64. Plaintiff was hired as a full-time electrician mechanic, and at the time of his termination, Plaintiff was paid an hourly rate of $19.00 an hour.

65. Plaintiff had worked for COLWILL ENGINEERING ELECTRICAL for more than 1250 hours in the 12 months preceding his need for medical leave.

66. At all times material, Plaintiff was qualified to perform his job as an electrician mechanic employee within the legitimate expectations of his employer.

67. However, on or around Friday, June 19, 2020, Plaintiff informed his direct supervisor, Carlos Rivera, that a closed relative was sick and positive for COVID-19. Plaintiff was ordered to stay home and get the COVID-19 test.

68. On or about Monday, June 22, 2020, Plaintiff was already feeling sick, and he took the test. Plaintiff tested positive for the COVID-19 virus, a qualifying condition under the FMLA. Plaintiff initiated his quarantine period, and he took 2 weeks of unprotected leave to treat his qualifying medical condition.

69. Defendant COLWILL ENGINEERING ELECTRICAL violated Plaintiff's FMLA protections when it failed to inform Plaintiff that he was eligible to take protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for FMLA. COLWILL ENGINEERING ELECTRICAL did not inform Plaintiff of his FMLA rights.

70. Plaintiff was expecting to get back to work after his quarantine period and upon medical clearance.

71. Instead, on or about August 13, 2020, the Plaintiff was wrongfully terminated and his rights under the provisions of the Family Medical Leave Act (FMLA) were violated.    On that day, supervisor Carlos Rivera fired Plaintiff and required him to return his uniform.

72. Defendant COLWILL ENGINEERING ELECTRICAL is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant interfered with Plaintiff's rights.

73. 29 U.S. CODE § 2615 states in pertinent part:

   **a) Interference with rights**
   **(1) Exercise of rights**
   It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
   **(2) Discrimination**
   It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

74. Plaintiff was entitled to FMLA leave.  However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act fired Plaintiff, preventing him from obtaining the benefits of FMLA to treat his condition, to obey Federal, State, and local quarantine orders, and then continuing his job in his original position or any equivalent position.

75. Defendant COLWILL ENGINEERING ELECTRICAL  willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

76. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental,

nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job.

77. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIX A. GONZALEZ respectfully requests that this Honorable Court will grant judgment:

A. Finding that COLWILL ENGINEERING ELECTRICAL'S actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff FELIX A. GONZALEZ payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>JURY DEMAND</u>

Plaintiff FELIX A. GONZALEZ demands trial by a jury of all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993**</u>
<u>**RETALIATION FOR EXERCISING FMLA RIGHTS**</u>

78. Plaintiff FELIX A. GONZALEZ re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-6 and 23-35 above, or the FMLA allegations, as if set out in full herein.

79. This is an action against corporate Defendant COLWILL ENGINEERING ELECTRICAL for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654) (FMLA).

80. At all times relevant and material, the Defendant COLWILL ENGINEERING ELECTRICAL, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant, was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

81. Plaintiff FELIX A. GONZALEZ is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

82. The Defendant COLWILL ENGINEERING ELECTRICAL employed Plaintiff FELIX A. GONZALEZ from approximately March 15, 2019, August 13, 2020, or 74 weeks.

83. Plaintiff was hired as a full-time electrician mechanic employee, and at the time of his termination, the Plaintiff was paid an hourly rate of $19.00 an hour.

84. Plaintiff had worked for COLWILL ENGINEERING ELECTRICAL for more than 1250 hours in the 12 months preceding his need for medical leave.

85. At all times material, Plaintiff was qualified to perform his job as a janitor and cleaning employee within the legitimate expectations of his employer.

86. However, on or around Friday, June 19, 2020, Plaintiff informed his direct supervisor, Carlos Rivera, that a closed relative was sick and positive for COVID-19. Plaintiff was ordered to stay home and get the COVID-19 test.

87. On or about Monday, June 22, 2020, Plaintiff was already feeling sick, and he took the test. Plaintiff tested positive for the COVID-19 virus, a qualifying condition under the FMLA. Plaintiff initiated his quarantine period, and he took 2 weeks of unprotected leave to treat his qualifying medical condition.

88. Plaintiff engaged in statutorily protected conduct by giving notice to his employer about his need for a protected FMLA leave.

89. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

90. There is a causal link between Plaintiff's need for an FMLA leave and the adverse action.

91. Plaintiff was wrongfully terminated from his employment in retaliation to his qualified position to exercise his rights under the Act thereby adversely affecting Plaintiff.

92. Defendant COLWILL ENGINEERING ELECTRICAL is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654) (FMLA). Defendant retaliated against Plaintiff, violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220 which states in pertinent part:

§ 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

(a) The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

(1) An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

(2) An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

93. Plaintiff was entitled to FMLA leave.  However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing him from obtaining the benefits of FMLA leave,  and then continuing his job in his original position or any equivalent position.

94. Defendant willfully and wantonly denied, or otherwise interfered and retaliated against Plaintiff for his entitlement to exercise substantive rights under the Family Medical Leave Act.

95. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

96.  Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIX A. GONZALEZ respectfully requests that this Honorable Court will grant judgment:

A.  Finding that COLWILL ENGINEERING ELECTRICAL'S actions toward Plaintiff to be violative of the Plaintiff's rights under the FMLA.

B.  Awarding Plaintiff FELIX A. GONZALEZ payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under

FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>JURY DEMAND</u>

Plaintiff FELIX A. GONZALEZ demands trial by a jury of all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT**
**("FFCRA") P.L. 116-136, AS AMENDED**

97. Plaintiff FELIX A. GONZALEZ re-adopts every factual allegation about the FFCRA, as stated in paragraphs 1-6 and 23-35 above, as if set out in full herein.

98. At all times relevant and material, the Defendant COLWILL ENGINEERING ELECTRICAL, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).

99. Plaintiff FELIX A. GONZALEZ is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act (FMLA).

100. The Defendant COLWILL ENGINEERING ELECTRICAL employed Plaintiff FELIX A. GONZALEZ from approximately March 15, 2019, August 13, 2020, or 74 weeks.

101. Plaintiff was hired as a full-time electrician mechanic employee, and at the time of his termination, Plaintiff was paid an hourly rate of $19.00 an hour.

102. At all times material, Plaintiff was qualified to perform his job as an electrician mechanic employee within the legitimate expectations of his employer.

103.    Defendant COLWILL ENGINEERING ELECTRICAL is a large business with less than five hundred (500) employees and is therefore subject to the FFCRA.

104.    Plaintiff had worked for COLWILL ENGINEERING ELECTRICAL for more than 30 days before his need for medical leave.

105.    On or about May 01, 2020, Plaintiff tested positive for COVID-19. 1) Plaintiff was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; 2) Plaintiff had been advised by a health care provider to self-quarantine related to COVID-19; 3) Plaintiff was under observation because of his COVID-19 diagnosis.

106.    Defendant COLWILL ENGINEERING ELECTRICAL violated the FFCRA by discharging Plaintiff from his position based upon his positive COVID-19 diagnosis and orders from medical authorities to self-isolate.

107.    Under the FFCRA, employers are to provide their employees with paid sick leave up to two (2) weeks or eighty (80) hours at their regular rate of pay, which the Defendant did.

108.    However, the Defendant COLWILL ENGINEERING ELECTRICAL terminated Plaintiff on or about August 13, 2020.

109.    Defendant COLWILL ENGINEERING ELECTRICAL was fully aware of the health status of the Plaintiff by the regular updates he provided to his supervisor.

110.    Before Plaintiff was cleared to return to work by physicians because of the concerns for his health regarding the positive COVID-19 diagnosis, he was unlawfully and retaliatorily terminated by his employer, COLWILL ENGINEERING ELECTRICAL.

111.    Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by the physicians, was the motivating factor behind his termination.

112.    Pursuant to the FFCRA, the Defendant COLWILL ENGINEERING ELECTRICAL was prohibited from terminating Plaintiff for his physician-ordered time off work due to COVID-19, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

113.    29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

114.    Defendant COLWILL ENGINEERING ELECTRICAL willfully and intentionally retaliated against Plaintiff by firing him.

115.    The motivating factor which caused the Plaintiff's termination as described above was the 2 weeks leave to treat his COVID-19 diagnosis. In other words, the Plaintiff would not have been discharged, but for his positive COVID-19 test and related self-isolation period.

116.    The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

117.    The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIX A. GONZALEZ respectfully requests that this Honorable Court:

A.  Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

B.  Enter judgment against Defendant COLWILL ENGINEERING ELECTRICAL, and DAWN M. HURLBURT that Plaintiff FELIX A. GONZALEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff FELIX A. GONZALEZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff FELIX A. GONZALEZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  August 25, 2020

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*